RIGER, Appellant, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Respondent.

*November 18, 1913—February 24, 1914.*

*Railroads: Injury to person at street crossing: Excessive speed of train: Evidence: Opinions: Changing jury's finding.*

1. Any estimate of speed by a witness is in one sense opinion, but it may not be opinion evidence within the legal meaning of that term.
2. The question being whether the speed of a train exceeded the lawful rate of twelve miles per hour, the testimony of a witness who had but a momentary view of the train at a time when he was excited and otherwise engrossed, fixing the speed at about sixteen or seventeen miles per hour, was opinion evidence.
3. Where such testimony, standing alone, was opposed by the uncontroverted fact that the train stopped within thirty feet after signal, and the positive testimony of five trainmen that the speed was from four to seven miles per hour, one comparing the speed to that of a man walking at a fair gait, the trial court was justified in changing the jury's finding that the speed exceeded twelve miles per hour.

APPEAL from a judgment of the circuit court for Milwaukee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *Rubin & Zabel,* attorneys, and *Horace B. Walmsley,* of counsel, and oral argument by *W. B. Rubin.*

For the respondent the cause was submitted on the brief of *Edward M. Smart.*

The following opinion was filed December 9, 1913:

TIMLIN, J.    The plaintiff was run down and injured by a car of the defendant railway company on or about November 3, 1910, at a street crossing.    The jury returned a verdict fixing his damages at $5,000 and finding that the train in which the car was approached the crossing at a speed greater than the lawful speed of twelve miles per hour, which excessive speed was the proximate cause of plaintiff's injury. Plaintiff was not guilty of more than a slight want of ordinary care which proximately contributed to his injury in failing to look and listen for an approaching train before stepping on the track.

The court changed the answer relative to the speed of the train so as to find that the speed did not exceed twelve miles per hour.    It was conceded that the engine bell was properly rung.    The court ordered judgment on the verdict so altered in favor of the defendant.    No claim is made by the appellant that he was entitled to judgment on the verdict after the answer relative to speed was changed, if the change was properly made.    The plaintiff produced one witness (Swedlow), not specially qualified but competent, who estimated the speed of the train at "about sixteen to seventeen miles an hour."    The defendant produced two brakemen, the conductor, fireman, and engineer, five witnesses competent and better qualified to judge, who testified that the rate of speed was from four to seven miles an hour.    One of these witnesses compared the speed to that of a man walking at a fair gait.    And he also added that the train stopped within thirty feet after signal. These five witnesses were, it is true, interested as employees of the defendant in absolving themselves from blame for the accident.

The question is, Had the circuit court authority to change

the answer of the jury in the respect stated and substitute the contrary answer? The opportunity of Swedlow to observe the rate of speed was only momentary. He testifies:

"I saw the train just a second before it hit him." "I thought he was hurt and I was scared." "When I saw him get hit I was thinking about him and I helped take care of him and take him away." "That train passed right in front of me very quick, that is all I saw of it." "The train was going about sixteen or seventeen miles an hour." "It did not take that train more than one minute (second?) to cross that street there, may be two, I don't know exactly." "All that went by was an engine and two cars.".

Testimony relative to rate of speed is an estimate except in rare instances in which some measuring appliance is used. Such testimony may be to a fact or it may shade off into a mere opinion. For illustration: Where one testifies to a rate of speed which he estimates at twenty or forty miles per hour, that presents a question of fact as against a claim that the rate of speed was ten or twenty miles per hour. The former includes predication that the speed was more than ten or twenty miles per hour and of course goes beyond such predication. But where one witness testifies that a rate of speed was twenty miles per hour and the only countervailing evidence is that of another equally credible witness to the effect that the rate of speed was twenty-two miles per hour, both are testifying to estimates, and such small difference becomes mere matter of opinion. The high minimum rate is fixed, and the smaller the difference between such high minimum and the maximum the more clearly the opinion character of the evidence appears and the more meager the data upon which to rest the opinion. Every estimate is in one sense opinion, but not opinion evidence within the legal conception of the latter term. So in the case at bar the lawful maximum being twelve miles per hour, and the witness, from a momentary view while in a state of excitement and otherwise engrossed, fixing it at "about sixteen or seventeen miles per

hour," is manifestly giving opinion evidence. Indeed, to many persons twelve miles an hour is "about" sixteen miles per hour. The learned circuit judge said:

"The testimony as to this claimed excess of three to four miles per hour is so slight, vague, and unsatisfactory as against the positive testimony of the five trainmen, that the finding of the jury in the second question, that the speed was greater than twelve miles per hour, must be set aside."

The opinion of Swedlow, formed from very imperfect observation and loosely expressed, was, as stated, met by the uncontroverted fact relative to the distance within which the train was stopped and by the positive evidence of the comparatively large number of witnesses whose testimony differed so widely from a rate of twelve miles per hour and who compared the actual speed with that of familiar moving objects. It must have been perjured testimony on their part if the opinion of Swedlow was correct. For no experienced man with full opportunity for observation could be honestly mistaken with reference to whether the speed was four to seven or sixteen to seventeen miles an hour.

The decision of the circuit judge is entitled to weight. The testimony which he considered completely overborne does not rise above the grade of opinion evidence, and under such circumstances his ruling changing the answer to conform to the evidence must be upheld.

*By the Court.*—Judgment affirmed.


A motion for a rehearing was denied, with $25 costs, on February 24, 1914.